# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4253 | **DATE** | January 5, 2004 |
| **CASE TITLE** | *Naylor v. DAI Environmental, Inc.* | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' Motion for Summary Judgment [R. 38-1] is denied in its entirety. Enter Memorandum and Order.

(11) ■ [For further detail see memorandum and order attached to original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JAN 0 6 2004

BRIAN NAYLOR, )
)
Plaintiff, )
) Case No. 01 C 4253
v. )
) Judge Blanche M. Manning
DAI ENVIRONMENTAL, INC. )
and THOMAS DEPAUL, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Naylor brings this action against DAI Environmental, Inc. ("DAI"), his former employer, and Thomas DePaul, DAI's president and owner, seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, and Illinois law. Before the court is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to Counts I, IV, VI, and VII of the First Amended Complaint. For the reasons discussed below, the court denies defendants' motion for summary judgment in its entirety.

### I. BACKGROUND[1]

DAI is an environmental consulting and remediation firm that studies and monitors contaminated sites, designs cleanup remedies, and oversees and implements those remedies.

---

[1] The facts in the Background section are derived from the parties' Local Rule 56.1 statements and other pleadings. The facts in the parties' statements that are not controverted are deemed admitted. *See Smith v. Lamz*, 321 F.3d 660, 683 (7th Cir. 2003). Facts that Naylor objected to but did not deny are also deemed admitted. *See McGuire v. United Parcel Serv.*, 152 F.3d 673, 679 (7th Cir. 1998). Finally, responses that do not cite to specific references to the affidavits, parts of the record, and other supporting materials are subject to the court's discretion as to their admission. *See Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

51

Naylor began working part-time at DAI in September of 1991. He started full-time employment in January 1992, which he continued until he left DAI in April of 2001. At all relevant times, DePaul was the president and owner of DAI. Naylor's duties included, among other things, the installation, maintenance, repair, and operation of DAI's remediation equipment, taking readings, and collecting and preparing samples. As such, Naylor spent most of his time out in the field and not in his office.

Starting on October 1, 1991, Naylor began earning a $30,000 annual base salary. On January 1, 1992, Naylor received a raise to $35,000 a year base salary. By the time he left DAI in April of 2001, Naylor was earning $61,000 per year. Because Naylor worked off site, the hours he worked each week varied depending on the work assignment. Naylor received a paycheck once a month based on his annual salary even if he worked less than forty hours a week.

DAI uses a computer program called "Timeslips" to record employees' time. An employee's time is entered into the database when the employee types it in, calls it in, or has someone else type it in. Because Naylor often worked off site, he generally faxed or called in his time which someone else then submitted into the system. Although all time was reported, including time not billed to a client, Naylor contends that the "Timeslips" system is not accurate because unbillable or overtime hours could be deleted or pulled before the data interfaces into the main system. Naylor also contends that he was not paid for all of the overtime hours he reported.

In the mid-1990s, DePaul told Naylor that he would be paid overtime for any hours that he worked in excess of forty hours a week. DePaul testified that he would pay overtime when an employee was working extra hours on a "fairly routine basis," however, he would sometimes

2

pull out hours if he thought they were "inappropriate," such as travel time when an employee is waiting in an airport. DePaul explained that when discussing overtime pay with Naylor, he stated: "If you're going to tell me that you're going to perform three days work in two by staying longer and getting it done, I'll pay you for the additional hours if they're real." Naylor's overtime pay rate was calculated by taking his annual pay and dividing it by 2080 hours, which is the number of working hours in the average year.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must evaluate the admissible evidence supporting the summary judgment motion in a light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading"; but rather, must respond with "specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322.

## III. DISCUSSION

Naylor brings this action based on the defendants' failure to pay him the proper amount of overtime pay while he worked for DAI. The defendants move for summary judgment as to Counts I, IV, VI, and VII because they argue that they paid Naylor overtime in compliance with

the FLSA.[2] In fact, defendants argue, Naylor was actually overcompensated for his overtime hours.

In general, the Fair Labor Standards Act requires employers to pay an overtime rate of time and a half, or 150 percent, for all hours worked in excess of forty hours a week. *See* 29 U.S.C. § 207(a); *Demos v. City of Indianapolis*, 302 F.3d 698, 701 (7th Cir. 2002). The Department of Labor, however, provides employers alternative methods for calculating overtime pay to suit various employment needs while still complying with the FLSA, such as the fluctuating workweek method under 29 C.F.R. § 778.114. *See Samson v. Apollo Res., Inc.*, 242 F.3d 629, 633 (5th Cir. 2001). In addition, employees who work in an executive, administrative, or professional capacity are exempt from the FLSA's overtime requirements. *See* 29 U.S.C. § 213(a)(1); *Demos*, 302 F.3d at 701.

The defendants contend that because Naylor was a project engineer, he is exempt from overtime pay under the FLSA under § 213(a)(1). This argument is distinctly at odds with the undisputed facts of this case and defendants' legal arguments. Indeed, the parties recognize that the relevant issue for purposes of this summary judgment is whether Naylor was paid under the "fluctuating workweek method" or "Regulation 114." *See* 29 C.F.R. § 778.114. The defendants' position is that if Regulation 114 applies, Counts I, IV, VI, and VII can be ruled on as a matter of law because Naylor was paid for his overtime in compliance with the FLSA. On the other hand, Naylor argues that Regulation 114 does not apply and that he is entitled to time

---

[2] Defendants did not move for summary judgment as to Count V based on the mistaken belief that Count V was subject to a pending motion to dismiss at the time defendants filed their motion for summary judgment on March 17, 2003. However, this court denied the defendants' motion to dismiss Count V of the First Amended Complaint on January 7, 2003, over two months before the defendants filed their motion for summary judgment.

and a half pay for the overtime hours he worked pursuant to 29 U.S.C. § 207(a)(1).

Under Regulation 114, an employee who works a fluctuating workweek, that is, an employee who is paid a fixed salary regardless of how many hours he works per week, must be paid at least 50 percent of his base rate for his overtime hours. *See Heder v. City of Two Rivers, Wisconsin,* 295 F.3d 777, 779 (7th Cir. 2002). On the other hand, an employee working a variable workweek, which involves a work schedule that may call for more or less time at work, must be paid time and a half for overtime hours. *See id.* To calculate an employee's pay pursuant to the fluctuating workweek method, the following conditions must be met: (1) the employee's hours must fluctuate from week to week; (2) the employee must receive a fixed salary that remains the same regardless of the number of hours worked per week; (3) the fixed salary must be sufficient to provide compensation at a regular rate not less than the legal minimum wage; (4) the employee must receive at least 50 percent of his regular hourly pay for all overtime hours worked; and (5) the employer and the employee must have a clear mutual understanding that the employee will be paid under the fluctuating workweek method. *See Condo v. Sysco Corp.,* 1 F.3d 599, 601-02 (7th Cir. 1993); *see also Heder,* 295 F.3d at 779.

The defendants contend that all of these requirements have been satisfied, and thus the fluctuating workweek method has been triggered. Indeed, it is undisputed that Naylor's hours fluctuated from week to week depending upon the project. Further, it is undisputed that Naylor received a fixed salary regardless of the number of hours that he worked per week and was paid over the legal minimum wage. Naylor, however, challenges the fourth and fifth conditions – that there was no clear mutual understanding that he would be paid under the fluctuating workweek method and that the defendants did not calculate his overtime pay according to Regulation 114.

The court first addresses Naylor's argument that the defendants did not calculate his

5

overtime in accordance with Regulation 114. Under Regulation 114, to calculate overtime pay an employee's regular hourly pay is calculated by dividing the employee's weekly salary by the total number of hours that he actually worked in a particular workweek. *See* 29 C.F.R. § 778.114(a); *Condo*, 1 F.3d at 601-02. Consequently, under the mathematical payment structure provided under this method, the more an employee works, the less he or she is paid for each additional hour of overtime. *See* 29 C.F.R. § 778.114(b); *see also Monahan v. County of Chseterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).

Here, Naylor's overtime pay was not calculated on a fluctuating basis pursuant to Regulation 114, but was a fixed amount calculated by taking Naylor's annual salary and dividing it by 2080, the total number of working hours in an average year. Further, the fluctuating workweek method requires compensating an employee "for *all* overtime hours worked at a rate not less than on-half his regular rate of pay." *See* 29 C.F.R.§ 778.114(a) (emphasis added). Although defendants argue that Naylor was overcompensated for his overtime work, it is undisputed that DePaul testified that he would compensate for overtime when an employee was working overtime on a "fairly routine basis" and that he would pull out hours if he thought they were "inappropriate" or if they were not "real." Therefore, DAI was not using the fluctuating workweek method under Regulation 114 when compensating Naylor for his overtime work because defendants did not compensate him for all of his overtime hours.

The court need not decide whether there was a "clear mutual understanding" between the parties that the fluctuating workweek method would be used to calculate Naylor's overtime pay because the defendants have not satisfied all the required conditions of Regulation 114. *See Condo*, 1 F.3d at 601-02. Accordingly, the court denies defendants' motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [R. 38-1] is denied in its entirety.

ENTER:

*Blanche M. Manning*

Blanche M. Manning
United States District Court Judge

DATE: January 5, 2004